972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Andrea Lamont VIRGIL, Defendant-Appellant.
 No. 91-5683.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: August 17, 1992
 
 ARGUED: Thomas Hilton Johnson, Jr., LAW OFFICE OF MICHAEL E. LEE, P.A., Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. ON BRIEF: Robert H. Edmunds, Jr., United States Attorney, Kenneth Clarke Haywood, Third Year Law Student, Greensboro, North Carolina, for Appellee.
 Before Before HALL and HAMILTON, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Andrea Lamont Virgil brings this appeal complaining of the refusal of the district court to dismiss the indictment against him as defective and to dismiss the charges for insufficiency of the evidence to support them. Finding the indictment proper and that the evidence supports the charges, we affirm.
 
 
 2
 On June 29, 1991, a Grand Jury returned an indictment charging defendant with (a) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (b) carrying and using a shotgun in relation to a drug trafficking crime under 21 U.S.C. § 841(a)(1), in violation of 28 U.S.C. § 924(c)(1), and (c) having been previously convicted of a felony, possessing a firearm which had traveled in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).
 
 
 3
 On September 4, 1990, defendant Andrea Virgil was observed with small cellophane bags with one white rock resembling crack cocaine showing them to the driver of a motor vehicle. He was later arrested, and a body search revealed nine small cellophane bags each containing a rock of crack cocaine on his person. While Andrea was at the car talking with the driver, Leon Virgil (said to be a cousin of Andrea) approached the car. Andrea was heard to say, "You shouldn't do that, because I was at the car first. He's my customer." (Appendix, p. 18). Shortly thereafter, Andrea was seen chasing Leon with a loaded shotgun; a shotgun shot was heard, and soon thereafter Andrea was seen putting the gun to Leon's chest and working the action which moves the shells from the magazine to the chamber of the shotgun. When Andrea observed a police officer arrive, he ran. Chased by the officer, he entered a nearby building and was arrested by the officer. Nine cellophane plastic bags with a rock of cocaine in each bag were found on Andrea as well as $178.00, and $300.00 was found in his truck.
 
 
 4
 The officers also recovered a canister containing crack cocaine base, which they saw Andrea drop while he was being chased. The evidence establishes Andrea had previously been convicted of a felony of breaking and entering and larceny.
 
 
 5
 Defendant's contention that the evidence fails to support his conviction of each of the offenses is without merit. Likewise, his contention that the indictment as to Count Two, charging him with carrying and using a firearm in relation to a drug trafficking crime, is defective for failure to allege scienter is without merit. See United States of America v. Dawn Dempsy Sutton, No. 91-5556 (4th Cir. April 7, 1992).
 
 
 6
 The judgment of the district court is therefore affirmed.
 
 AFFIRMED